UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEIGUO WANG, XIULING WEI, YIPENG WANG, <br><br> Petitioners <br><br> v. <br><br> CONNOR YUNHAO LONG, ZIQIN ZHOU, JINGPING LONG, <br><br> Respondents. | * <br> * <br> * <br> * <br> * <br> * <br> * Civil Action No. 24-mc-12774-ADB <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

# MEMORANDUM AND ORDER DENYING APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

BURROUGHS, D.J.

Pursuant to 28 U.S.C. § 1782, pro se Petitioners Xiuling Wei, Weiguo Wang, and Yipeng Wang filed an ex parte application to serve Respondents Connor Yunhao Long, Ziqin Zhou, and Jingping Long with a subpoena for production of documents and testimony for proceedings pending in the United Kingdom.  [ECF No. 1-2 ("Petition")].  For the reasons set forth below, Petitioners' request is **DENIED**.

## I. BACKGROUND

The Petitioners are three of four claimants in a foreign proceeding who allege that they were victims of breach of privacy, harassment, and defamation as a result of a series of online posts.  [Petition ¶¶ 6–9; ECF No. 1-4 at 4–6].  Respondent Jingping Long is alleged to have posted purported defamatory content, and all three Respondents currently reside in Massachusetts. [Petition ¶¶ 2–4, 16–20; ECF 1-4 at 4, 6].  Based on the documents submitted by

Petitioners, the Court understands that Respondent Jingping Long is a Defendant in the underlying foreign action, Respondent Connor Yunhao Long is his son, and Respondent Ziqin Zhou is Connor Yunhao Long's mother.  [Petition ¶¶ 4, 23; ECF No. 1-6 at 9].

## II.    LEGAL STANDARD

"Section 1782(a) provides that a federal district court 'may order' a person 'resid[ing]' or 'found' in the district to give testimony or produce documents 'for use in a proceeding in a foreign or international tribunal . . . upon the application of any interested person.'"  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 246 (2004) (alteration and omission in original) (quoting 28 U.S.C. § 1782(a)).  "To obtain discovery under § 1782, a petitioner must first meet three statutory requirements": (1) there must be a discovery order "issued by '[t]he district court . . . of the district in which [respondent] resides or is found'; (2) the discovery must be 'for use in a proceeding in a foreign or international tribunal'"; and (3) the application must be made by an "interested person."  Chevron Corp. v. Shefftz, 754 F. Supp. 2d 254, 260 (D. Mass. 2010) (alterations in original) (quoting 28 U.S.C. § 1782(a)).  "If all of these statutory requirements are met, the district court is authorized, but not required, to provide judicial assistance by permitting discovery."  In re Schlich, 893 F.3d 40, 46 (1st Cir. 2018).  District courts are required to exercise their discretion under § 1782 "in light of the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'"  Id. at 46–47 (quoting Intel, 542 U.S. at 252).

Four additional "discretionary factors" also "'bear consideration' in arriving at a decision" as to whether discovery sought under § 1782 should be allowed.  In re Schlich, 893 F.3d at 47 (quoting Intel, 542 U.S. at 264).  The Court must consider: (1) "whether the person

from whom discovery is sought is a party to the foreign proceeding, in which case 'the need for § 1782(a) aid generally is not as apparent' because a 'foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence'"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'"; and (4) "whether the request is 'unduly intrusive or burdensome' to the extent that it should either be 'trimmed' or rejected outright." Id. (quoting Intel, 542 U.S. at 264–65).

"[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012). Courts adjudicating an ex parte application for a subpoena pursuant to § 1782 "should still consider the Intel factors regardless of the absence of the respondent." In re Schlich, 893 F.3d at 51.

### III. DISCUSSION

#### A. Statutory Requirements

Based on the Petitioners' submission, they satisfy the requirements of 28 U.S.C. § 1782. They are claimants in a foreign proceeding and as such are interested persons; the subpoena request is made to the district in which Respondents are based; and Petitioners request the production of documents for use in a foreign proceeding. See [Petition].

### B.     Discretionary Factors

The Intel factors, on balance, weigh against granting Petitioners' request. As to the first discretionary factor, the Court understands that Respondent Jingping Long is a named Defendant in the foreign proceeding, a fact which generally disfavors Petitioners' request. Intel, 542 U.S. at 264; In re Schlich, 893 F.3d at 47; cf. In re Porsche Automobil Holding SE, 985 F.3d 115, 121 (1st Cir. 2021) (non-party status is "a fact which weighs in favor of granting § 1782(a) discovery"). Although Petitioners have stated that Respondent Jingping Long has "never attended the claim," [Petition ¶ 4], and the documents submitted by the Petitioners suggest that a default judgment was entered against him on November 5, 2024, [ECF No. 1-4 at 21],[1] they have offered no explanation as to why continued discovery is necessary or warranted. Further, although Respondents Connor Yunhao Long and Ziqin Zhou are not named parties in the foreign proceeding, the information sought from them relates in large part to their association with Jingping Long. See generally [ECF No. 1-6]. As such, the Court finds that the first factor tilts against granting Petitioners' request. In re Schlich, No. 16-cv-91278, 2016 WL 7209565, at *4–5 (D. Mass. Dec. 9, 2016), aff'd, 893 F.3d 40 (1st Cir. 2018) (finding that the first factor weighed against discovery where the employer-respondent was a named party and the information sought from non-party respondents concerned their employment at employer-respondent).

As to the second factor, Petitioners offer no evidence of the foreign tribunal's receptivity of the evidence other than asserting that the information sought from the discovery request is "necessary and significant." [Petition ¶ 37]; see generally [id.]. The Court accordingly weighs

---

[1] Based on the foreign court documents submitted by the Petitioners, the Court understands that a disposal hearing was scheduled for December 12, 2024 as to Jingping Long. [ECF No. 1-4 at 22].

4

this factor neutrally. In re Volkswagen AG, No. 24-mc-00097, 2024 WL 4452588, at *5 (D. Me. Oct. 9, 2024) (citing In re Schlich, 893 F.3d at 50 (explaining that "a party who relies on a 'blanket assertion' or does not properly substantiate its contentions runs the risk of not persuading the court to exercise its discretion in [the party's] favor.")).

The third Intel factor "requires consideration of whether foreign law prohibits discovery of the requested documents." In re XPO Logistics, Inc., No. 15 Misc. 205, 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017). Based on the evidence before it, especially given the default judgment entered against Jingping Long, the Court has some concerns as to whether Petitioners seek to "circumvent foreign proof-gathering restrictions or other policies." Intel, 542 U.S. at 265. As mentioned supra, Petitioners neither explain nor offer any reason why, given the status of the proceedings as they relate to Jingping Long, further discovery is warranted. Without more, the Court thus weighs this factor negatively. Heraeus Kulzer, GmbH v. Biomet, Inc., 633 F.3d 591, 594 (7th Cir. 2011) ("[D]istrict courts must be alert for potential abuses that would warrant a denial of an application to be allowed to take such discovery.").

Finally, with regard to the fourth Intel factor, the Court observes that although the requested subpoenas focus in part on the days when the alleged defamatory statements were made and events related thereto, they also include overly "burdensome or intrusive" questions, including queries related to Respondent Connor Yunhao Long's application to Harvard University and why Respondent Jingping Long did not participate in the foreign proceedings. See, e.g., [ECF No. 1-6 at 9, 13]; see generally [id.]. This seems to go beyond what Petitioners' seek to uncover—namely, information relevant to the purported defamation, breach of privacy, and cyberbullying—and the Court therefore finds that the fourth Intel factor disfavors Petitioners. See Mees v. Buiter, 793 F.3d 291, 302 (2d Cir. 2015) (explaining that "a district

court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure."); see also In re Schlich, 893 F.3d at 52 (stating that "even when a discovery request is sufficiently relevant to be deemed 'for use' in a foreign proceeding, there is nothing that prevents district courts from considering relevancy under the discretionary Intel factors.").

In sum, after evaluating the Intel factors based on the evidence presented, the Court declines, on the record before it, to grant Petitioners' application for discovery pursuant to 28 U.S.C. § 1782.

## IV. CONCLUSION

For the reasons set forth above, Petitioners' request to serve Respondents Connor Yunhao Long, Ziqin Zhou and Jingping Long with a subpoena for production of documents and testimony for proceedings pending in the United Kingdom, [ECF No. 1], is **DENIED**.

**SO ORDERED.**

December 20, 2024                              */s/ Allison D. Burroughs*
                                               ALLISON D. BURROUGHS
                                               U.S. DISTRICT JUDGE